IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,               2:00-cr-564-GEB-KJM-P

   vs.

SANTOS AYON RIVAS,

      Movant.              <u>ORDER</u>

_____/

      Movant, a federal prisoner proceeding pro se, has filed a motion under Fed. R. Civ. P. 60(b)(1) for relief from the March 27, 2006 order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

      Movant filed his § 2255 motion on July 14, 2003, arguing that had  trial counsel had thoroughly reviewed the presentence report, he would have realized movant's statement to the probation officer contradicted the factual basis for his guilty plea, which in turn would have alerted counsel to the fact that movant wished to withdraw his guilty plea. Movant's Mem. P. & A. in Supp. § 2255 Motion (Mem. P. & A.) at 2-3. He characterized this as a failure to comply with Federal Rule of Criminal Procedure 32.

      In his declaration, movant also suggested his statement to the probation officer was an objection to the calculation of drug quantity based on his limited participation in the

1

1    offense and that trial counsel instructed him not to object to the drug quantity calculation despite

2    his "expressed desire" to do so. Declaration of Santos Ayon Rivas (Rivas Decl.) ¶¶ 5-7. He

3    claimed defense counsel failed to discuss the "available defenses in reference to determining the

4    quantity of drugs attributable to my limited participation in the offense." Id. ¶ 3.  Finally, he

5    contended he was unsure about the extent of his waiver of appeal because he did not know

6    "whether or not the interpreter presented a truthful and accurate translation during the plea

7    bargaining, change of plea, and sentencing hearings." Id. ¶ ¶ 9-10.

8            On November 19, 2004, counsel filed a request to correct his sentence under

9    Federal Rule of Criminal Procedure 35 on movant's behalf.. Because the seven day period for

10   correcting a sentence under the rule had expired, the Magistrate Judge construed this as a request

11   to amend the § 2255 motion to add a challenge to the sentence under Blakely v. Washington, 542

12   U.S. 296. (2004).

13           On January 13, 2006, the Magistrate Judge issued findings and recommendations,

14   recommending that the motion to amend, correct or vacate the sentence be denied; the Magistrate

15   Judge also denied counsel's request to amend the § 2255 motion.

16           This court adopted the findings and recommendations on March 27, 2006 and

17   ordered that the § 2255 be denied.  Movant did not appeal this ruling.  Instead, on May 12, 2006,

18   he filed the instant motion, arguing that he is entitled to vacate the ruling on the grounds of

19   "mistake, inadvertence, surprise, or excusable neglect" under rule 60(b)(1).   Although the basis

20   of the motion is not entirely clear, it appears that movant's "mistake" is his "mistaken[] belief

21   that his sentence was enhanced upon drug quantity," when in fact the real problem with his

22   sentence is that the government breached the plea agreement.

23           Under 28 U.S.C. § 2255, a movant cannot proceed with a second or successive

24   motion unless he has obtained certification from a panel of the Court of Appeals that the motion

25   meets at least one of the criteria in the statute.  In Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct.

26   2621 (2005), the Supreme Court considered the question whether a rule 60(b) motion filed in a

state habeas proceeding under 28 U.S.C. § 2254 could be a second or successive petition within the meaning of 28 U.S.C. § 2244.  Although the court noted that it was limiting it consideration to § 2254 cases, its discussion is instructive:

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction–even claims couched in the language of a true Rule 60(b) motion–circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. §2244(b)(2).  The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated . . . .

Id. at 2647.  The court found that a 60(b) motion which attacks "some defect in the integrity of the federal habeas proceedings" would not be a successive petition.  Id., at 2648 see also Mosley v. United States, 389 F.Supp.2d 751, 752 (W.D. Tex. 2005) (finding that Gonzalez applied in a § 2255 case and rendered movant's 60(b) motion based on United States v. Booker, 543 US 220 (2005) a successive motion).

Movant's 60(b) motion does not attack the integrity of the proceedings on the § 2255 motion, but rather presents a new claim for relief from the original judgment and conviction entered in this case.  As such, it is a successive petition within the meaning of 28 U.S.C. § 2255. Because movant has not shown he has received the necessary certification from the Court of Appeal, he may not proceed in this court.   Accordingly, the motion filed May 12, 2006 is hereby denied.

IT IS SO ORDERED.

Dated:  October 6, 2006

                              /s/ Garland E. Burrell, Jr.
                              GARLAND E. BURRELL, JR.
                              United States District Judge